**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON MICHAEL TORRES,<br>*Plaintiff*,<br>-against-<br>CISIVE, INC.,<br>*Defendant*. | Case No. 2:26-cv-04285<br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This is a cause of action for damages brought by an individual consumer against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq., as amended*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Jason Michael Torres is an adult individual residing in the state Florida.

5. Defendant Cisive, Inc. ("Cisive") is a consumer reporting agency that regularly conducts business in the Eastern District of New York, and which has a principal place of business located 5000 Corporate Court, #203, Holtsville, NY 11742.

## FACTUAL ALLEGATIONS

6. In or around February 2026, Plaintiff applied for employment as a driver for Total Transportation of MS ("Total Transportation").

7. As part of his job application, Plaintiff signed documents purportedly authorizing Total Transportation to obtain a consumer report for employment purposes.

8. Total Transportation requested a consumer report from Cisive, and Cisive sold to Total Transportation a consumer report concerning Plaintiff in or around March 2026.

9. The consumer report supplied by Cisive contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Total Transportation.

10. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to, the reporting of a felony Fugitive From Justice warrant.

12. The inaccurate information grossly disparages Plaintiff and pursues him as a felon and a fugitive, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

13. In creating and furnishing the Plaintiff's consumer report, Defendant failed to update its public record information about Plaintiff to know that the original charge was reduced to a lesser charge. Any rudimentary inspection of the public records would reveal these inaccuracies. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

14. Plaintiff was subsequently denied employment with Total Transportation, and Plaintiff was informed by Total Transportation that the basis for this denial was the inaccurate

criminal information that appears on Plaintiff's Cisive consumer report, and that the inaccurate information was a substantial factor for this delay.

15. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**COUNT ONE – VIOLATIONS OF THE FCRA**

**PLAINTIFF v. CISIVE**

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. At all times pertinent hereto, Cisive was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

20. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

21. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b).

23. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

24. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

**LAW OFFICE OF ADAM G. SINGER, PLLC**

**BY: _/s/ Adam G. Singer_**

Adam G. Singer, Esq.
60 E. 42nd Street, Suite 4600
New York, NY 10165
(212) 842-2428
asinger@adamsingerlaw.com

Joseph L. Gentilcore, Esq.*
**FRANCIS MAILMAN SOUMILAS, PC**
1600 Market Street
Suite 2510
Philadelphia, PA 19103
(215) 735-8600
** Application for Leave to Appear*
*Pro hac vice forthcoming*

*Counsel for Plaintiff Jason Michael Torres*